IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEBORAH S. BARNEY, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA-11-CA-268-HLH |
| | § | |
| HILL COUNTRY SHOOTING SPORTS | § | |
| CENTER, INC. and JACK N. BURCH, II, | § | |
|     Defendants. | § | |

## PLAINTIFF'S MOTION FOR LIQUIDATED DAMAGES

Plaintiff Deborah S. Barney files this motion for a judgment which includes $29,500.00 for liquidated damages.

Plaintiff brought this civil action against Defendants Hill Country Shooting Sports Center, Inc. and Jack N. Burch, II, pursuant to the Fair Labor Standards Act of 1934, 29 U.S.C. § 201, *et seq*. A trial was held and on March 27, 2012, the jury rendered a verdict in favor of Plaintiff and against Defendant Hill Country Shooting Sports Center, Inc. finding Defendant willfully failed to pay Plaintiff $29,500.00 for overtime she worked from April 5, 2008 through July 31, 2010.

In ruling on this matter, the Court should be guided by the principle to construe the Fair Labor Standards Act liberally in favor of Plaintiff. *Mitchell v. Lublin, McGaughy & Assoc.*, 358 U.S. 207, 211 (1959); *Allen v. McWane, Inc.*, 593 F.3d 449, 452 (5th Cir. 2010).

Liquidated damages are compensatory rather than punitive in nature. *See Brooklyn Sav. Bank v. O'Neill,* 324 U.S. 697, 707 (1945). Liquidated damages "constitute[ ] compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages." *Id.* The purpose of liquidated damages is to "compensate an employee for delay in payment." *Reich v. Helicopter Servs., Inc.*, 8 F.3d 1018, 1031

(5th Cir. 1993) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 715–16 (1945)).

Under 29 U.S.C. § 216(b), employers who violate the FLSA's overtime pay provisions "<u>shall</u> be liable to the ... employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." (Emphasis added). There is a strong presumption in favor of imposing full liquidated damages under the Act. *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999).

The Court must determine whether to award liquidated damages. Employers that violate the FLSA are liable not only for the unpaid overtime pay but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *Singer v. City of Waco, Tex.*, 324 F.3d 813, 822 (5th Cir. 2002). Defendant's only means of avoiding liquidated damages is to overcome the "substantial burden" of proving it acted both in good faith *and* based on objectively reasonable grounds. *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990). A jury's finding of willfulness, however, negates an employer's good faith. *Singer*, 324 F.3d at 823.

The general rule is a court should award the amount found for actual damages as liquidated damages. *Singer*, 324 F.3d at 822–23. The Fifth Circuit confirmed in *Singer,* an employer who violates the overtime provisions of the FLSA is liable not only for the unpaid overtime compensation, but also for ''an additional equal amount as liquidated damages.'' 29 U.S.C. § 216(b). At one time, the liquidated damages assessment was mandatory. *See Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir.1998). Now the district court can decline to award such damages (or reduce the amount) if the court concludes the employer acted in ''good faith'' and had ''reasonable grounds'' to believe its actions complied with the FLSA. 29 U.S.C. § 260; *Singer*, 324 F.3d at 822–23; *see also* 29 C.F.R. § 790.22(b). It is the employer's burden to prove good faith and reasonableness. *Lee v. Coahoma Cnty., Mississippi*, 937 F.2d 220, 227 (5th Cir. 1991); *Johnson*

*v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 925 (E.D. La. 2009). If the jury concludes the employer has willfully violated the FLSA, the employer cannot demonstrate good faith, and the court must award liquidated damages in the full amount. *Singer*, 324 F.3d at 823 (citing *Heidtman v. El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999)); *Lee*, 937 F.2d at 226.

Since the jury in this case made a finding Defendant acted willfully, the Court must award $29,500.00 for liquidated damages.

Wherefore, premises considered Plaintiff Deborah S. Barney requests the Court enter a judgment for the amounts awarded by the jury for actual damages of $29,500.00 plus an additional equal amount for liquidated damages.

          Respectfully submitted,

          LAW OFFICES OF
          GAUL AND DUMONT
          924 Camaron Street
          San Antonio, Texas 78212
          (210) 225-0685
          (210) 320-3445 - Fax

By:  **/s/ Malinda A. Gaul**
      MALINDA A. GAUL
      State Bar #08239800
      Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of April, 2012, I electronically filed the above and foregoing *Plaintiff's Motion for Liquidated Damages* with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Kirk W. Evans  
Evans, LLP  
712 Main Street, Suite 1625  
Houston, Texas 77002

**/s/ Malinda A. Gaul**
Malinda A. Gaul

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DEBORAH S. BARNEY, § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. SA-11-CA-268-HLH |
| § | |
| HILL COUNTRY SHOOTING SPORTS § | |
| CENTER, INC. and JACK N. BURCH, II, § | |
| Defendants. § | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LIQUIDATED DAMAGES**

Came on for consideration Plaintiff's Motion for Liquidated Damages and Defendant's response thereto. The Court having considered the motion and response finds it should be granted.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Liquidated Damages is GRANTED.

Signed this _____ day of _____, 2012.

_____
HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE