**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DEBORAH S. BARNEY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. SA-11-CA-268-HLH** |
| | § | |
| **HILL COUNTRY SHOOTING SPORTS** | § | |
| **CENTER, INC. and JACK N. BURCH, II,** | § | |
| **Defendants.** | § | |

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEE AND COSTS**

TO THE HONORABLE HARRY LEE HUDSPETH, SENIOR UNITED STATES DISTRICT
JUDGE:

Now comes DEBORAH S. BARNEY, Plaintiff in the above-styled and numbered cause, by

and through her undersigned counsel of record, and  respectfully moves this Honorable Court,

pursuant to Local Court Rule CV-7(i) and Rule 54 of the Federal Rules of Civil Procedure for

attorney's fees and costs as the prevailing party in this litigation.

As stated in the Complaint filed by Plaintiff, this action was brought to remedy unpaid

overtime compensation, pursuant to the Fair Labor Standards Act of 1934, 29 U.S.C. § 201, et seq.

The Fair Labor Standards Act provides in any action or proceeding under the statute the

Court, in its discretion, may allow the prevailing party reasonable attorney's fees as part of the cost

of the litigation.   29 U.S.C. § 216(b).

In the Fifth Circuit, the reasonableness of fees are determined by the application of the 12

factors delineated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).

**1. The time and labor required.**   As noted by the Fifth Circuit, the hours claimed or spent

on a case are not the sole basis for determining a fee, but they are a necessary element.  The Fifth

Circuit directs the trial judge to weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities.  The Court can easily do this for Plaintiff's request, due to the extensive experience the Court has in litigation matters.

The work done in the administrative proceedings should be included, since that work supported this litigation.  Courts have held that, in the exercise of discretion, "[a] court is allowed to award attorneys' fees that properly cover work performed in administrative hearings that are prerequisites to federal court action."  *Dixon v. Int'l Brotherhood of Police Officers,* 434 F. Supp. 2d 73, 79 (D. Mass. 2006).

The problem of potential duplication of efforts noted by the Fifth Circuit does not exist in this case, since Plaintiff was represented exclusively by one attorney, Malinda Gaul.

The opposite issue also raised by the Fifth Circuit of single attorneys billing for non-legal work also does not exist in this case.  The declaration of Malinda Gaul (Exhibit 1) certifies the request submitted by Plaintiff only includes  legal work and not time spent on matters that might normally be done by a paralegal or legal assistant, which Gaul and Dumont does not employ.

In addition, the hours submitted in this attorney's fees request represent the hours actually billed to Plaintiff, at an hourly rate less than customarily billed in the San Antonio community.  The hours actually billed to Plaintiff are less than the hours actually worked by the attorney, having been reduced by non-legal work and discounted to be more affordable to Plaintiff.  (Exhibit 1) Those reduced hours are then multiplied by an hourly rate which is less than the customary fee in the San Antonio community.

The amount submitted represents a reduced number of hours multiplied by a reduced hourly rate, resulting in a more than reasonable request for attorney's fees.  (Exhibits 1 and 2) It would still

be a reasonable award of attorney's fees to grant a higher hourly rate for the reduced number of hours submitted.

**2. The novelty and difficulty of the questions.**  While FLSA overtime class actions have become popular cases for employee/plaintiff attorney's, taking on an individual case is less desirable. This case was both novel and difficult because every issue was disputed, including whether the employee and/or the employer participated in interstate commerce, whether Defendant Jack N. Burch, II was in operational control of the business, whether the Defendants acted willfully, and how many hours of overtime were actually worked.  The multiple disputed issues addressed in this case and the results obtained justify an award of at least the amount submitted, if not more.

**3. The skill requisite to perform the legal service properly.**  In *Johnson,* the Fifth Circuit focuses on the trial judge for this element, recommending the trial judge closely observe the attorney's work product, her preparation, and general ability before the court, relying on the trial judge's expertise as a lawyer and observations from the bench.  The results obtained justify an award of at least the amount submitted, if not more.

**4. The preclusion of other employment by the attorney due to acceptance of the case.**

As noted in the declaration of Malinda Gaul (Exhibit 1), Gaul and Dumont has only two attorneys, creating a challenge of balancing the work being done for current clients with the need to interview and accept new clients.  Time has to be allocated among the currently contracted clients, but a flow of clients into the office must also be maintained.  Although Plaintiff hired the firm of Gaul and Dumont, she was represented exclusively by one attorney, Malinda Gaul.  While the representation of Plaintiff did not totally preclude other employment by the attorney, it limited the time available for other clients.  This was true particularly during trial preparation and trial, when

3

time had to be exclusively limited to Plaintiff.  It was necessary for the attorney to assure that all other matters were current prior to the trial, so work would not be necessary on those cases during the trial period.  In addition, the devotion to Plaintiff created a backlog which had to be handled after the trial period.  The balancing done by Plaintiff's attorney justifies an award of at least the amount submitted, if not more.

**5. The customary fee.**  The hourly fee charged by management/defense attorneys in the San Antonio community is lower than the fees charged in Houston or Dallas, but such fees still range from $350.00 per hour for associates to $450.00 per hour for partners.  Employee/plaintiff attorneys usually charge a lesser rate, due to the circumstances of their clients, but even those rates are above $200.00 per hour for attorneys with the experience of Plaintiff's attorneys.  Usually, rates are in the range of $250.00 to $350.00 per hour.  (Exhibit 1)

In 2009, Plaintiff's attorney was awarded an hourly fee of $200.00 in a Title VII case before the Honorable Xavier Rodriguez (SA-08-CA-106-XR, Carol Hale vs. Janet Napolitano, Secretary, Department of Homeland Security).  (Exhibit 1)   In support of that request, Plaintiff's attorney submitted a declaration from another practitioner in the San Antonio community, Glen Mangum, who has extensive knowledge of the community, employment cases, and attorney Malinda Gaul. He testified in 2009 $200.00 per hour was below the customary rate and a more reasonable rate would be $350.00 per hour for non-trial work and $400.00 per hour for trial work.  (Exhibit 4)

At about the same time, another employee/plaintiff attorney Alex Katzman was awarded $300.00 per hour by Judge Joe Brown in an employment case in Bexar County District Court. (Exhibit 1)

Even in 2009, the hourly rate of $200.00 was below a reasonable rate for the work of

4

Plaintiff's attorney.

**6.  Whether the fee is fixed or contingent.**  Plaintiff signed a contract with Gaul and Dumont agreeing to pay for legal services by the hour, at the rate of $200.00.  Gaul and Dumont records work done for clients in Timeslips software.  The attorney has submitted 8 pages of billing records from Timeslips showing work done since March 4, 2011 for Plaintiff.  (Exhibit 2)

Plaintiff attempted to pay each of the monthly bills she received, but sometimes the amount of work done on the case created a monthly bill which she was not able to pay.  At the time of the trial, Plaintiff was in arrears for attorney's fees and she has not been billed for the time spent for trial preparation, trial, and post-trial motions.  (Exhibit 1)  The fees sought in this case are hourly fees, some of which have been paid by Plaintiff and some of which are owing to Plaintiff's attorney.

**7.  Time limitations imposed by the client or the circumstances.**  The Fifth Circuit in *Johnson* states that priority work that delays the lawyer's other legal work is entitled to some premium.  In March 2011, Plaintiff's case had to become a priority since there was an ongoing administrative hearing.  In addition, it was necessary to quickly file this lawsuit because of the statute of limitations in FLSA cases.  This justifies an enhanced hourly rate.

**8.  The amount involved and the results obtained.**  In addition to a finding Plaintiff is owed overtime wages, she also obtained a finding the Defendant acted willfully in failing to pay the overtime wages.  The only finding Plaintiff did not obtain was that Defendant Burch was in operational control of the business.  Plaintiff was awarded a substantial amount of overtime by the jury, far in excess of what the Defendants encouraged the jury to award.  Therefore, Plaintiff is entitled to an enhanced amount of attorney's fees.

**9.  The experience, reputation, and ability of the attorneys.**  The declarations of Malinda

Gaul (Exhibit 1) is included to demonstrate the experience, reputation, and ability of the attorney. In *Johnson,* the Fifth Circuit agrees that more experienced attorneys receive larger compensation.

**10.  The "undesirability" of the case.**  Taking on an individual FLSA overtime case is far less desirable than a FLSA overtime class action.

**11.  The nature and length of the professional relationship with the client.**  This is not a factor for most employee/plaintiff attorneys, who usually do not have an ongoing relationship with the client.

**12.  Awards in similar cases.**  As stated previously, Plaintiff's attorney has been awarded $200.00 per hour in the Western District and Mr. Katzman has been awarded $300.00 per hour in Bexar County District Court.

**13.  Certificate of Conference.**  At the end of trial, the Court requested briefing on the issue of liquidated damages.  Plaintiff's attorney promised to provide the briefing within the time limits for the submission of an attorney's fee application in accordance with  Local Rule CV-7(i)(1).  At that time, Plaintiff's counsel was under the mistaken belief the attorney's fee application was due within 14 days of trial.  However, the application is actually due within 14 days of the entry of judgment.  The briefing on liquidated damages was submitted on April 3, 2012.  Plaintiff submits this application within 14 days of trial, since that was the representation made to the Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, DEBORAH S. BARNEY, respectfully requests this Court grant costs in the amount of $550.52 (Exhibit 3); award attorney's fees in an amount greater than $10,940.00 (Exhibit 2); and grant such other and further relief to which she is entitled.

6

Respectfully submitted,

LAW OFFICES OF
GAUL AND DUMONT
924 Camaron
San Antonio, Texas 78212
(210) 225-0685
(210) 320-3445 - Fax

By:   **/s/ Malinda A. Gaul**

MALINDA A. GAUL
State Bar #08239800
Attorney for Plaintiff


### CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April, 2012, I electronically filed the above and

foregoing *Plaintiff's Motion for Attorney's Fees and Costs* with the Clerk of Court using the

CM/ECF system which will send notification of such filing to:

Kirk W. Evans
Evans, LLP
712 Main Street, Suite 1625
Houston, Texas 77002


**/s/ Malinda A. Gaul**

MALINDA A. GAUL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DEBORAH S. BARNEY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. SA-11-CA-268-HLH** |
| | § | |
| **HILL COUNTRY SHOOTING SPORTS** | § | |
| **CENTER, INC. and JACK N. BURCH, II,** | § | |
| **Defendants.** | § | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S**
**FEE AND COSTS**

Came on for consideration *Plaintiff's Motion for Attorney's Fees and Costs.* The Court having considered the motion and response finds it should be granted.

IT IS THEREFORE ORDERED that *Plaintiff's Motion for Attorney's Fees and Costs* is GRANTED.

Plaintiff is granted costs in the amount of $550.52.

Plaintiff is awarded attorney's fees in the amount of $_____.

Signed this _____ day of _____, 2012.

_____
HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT  JUDGE