IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEBORAH S. BARNEY, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA-11-CA-268-HLH |
| | § | |
| HILL COUNTRY SHOOTING SPORTS | § | |
| CENTER, INC. and JACK N. BURCH, II, | § | |
| Defendants. | § | |

### DECLARATION OF MALINDA GAUL

"My name is Malinda Gaul. I am at least 21 years of age, of sound mind, and capable of making this declaration.

I graduated from Baylor University School of Law in May 1982. I was licensed by the State of Texas in 1982 and am presently admitted to practice in all Texas state courts, the United States District Court for the Western District of Texas, the United States District Court for the Southern District of Texas, the United States District Court for the Northern District of Texas, the United States District Court for the Eastern District of Texas, the United States Court of Appeals for the Fifth Circuit, the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court. I am a partner with the firm of Gaul and Dumont, which has two attorneys concentrating in employment law. I practice almost exclusively employment law for employees.

I have been listed in *The Best Lawyers in America* (2003-2012), *Texas Super Lawyers* (2003-2011), and *San Antonio's Best Lawyers* (2004-2011). I have received the Bexar County Women's Bar Association Belva Lockwood Outstanding Lawyer Award (1996) and been named to the San Antonio Women's Hall of Fame (1993 - Legal). I have also been listed in the *Outstanding Young Women in America*, *Who's Who in Practicing Attorneys*, *Who's Who in American Law* and *Who's*

*Who of Emerging Leaders in America.*

I have served as the American Bar Association Regional Co-Chair, Plaintiff/Public Interest, of the Section of Labor and Employment Law, Equal Employment Opportunity Committee, Equal Employment Opportunity Commission's Liaison Program and on the St. Mary's University School of Law Dean's Advisory Council, Gender Bias Task Force, and American Arbitration Association Employment Advisory Council for the Dallas Region. I am currently a member of the Federal Magistrate Judge Merit Selection Panel-Western District of Texas, San Antonio Division; National Employment Lawyers Association [San Antonio Chapter President (1994)]; Texas Employment Lawyers Association Board of Directors; Fifth Circuit Bar Association; and State Bar of Texas [Vice Chair: Council of Chairs (2006-2007), Chair: Labor and Employment Law Section (2005-2006) and President: Women and the Law Section (1996-1997)].

I am a frequent speaker on labor and employment law topics, throughout the State of Texas.

I began representing Deborah S. Barney on March 4, 2011, after she had completed the first day of the two-day administrative hearing before the Texas Workforce Commission. I have included my time representing Ms. Barney in the administrative proceedings, because the information obtained during those proceedings was used extensively in the Federal lawsuit. For example, it was not necessary for me to take the deposition of Defendant Jack N. Burch, II, because I had his sworn testimony from the administrative hearing. The documents produced during the administrative hearing were the only documents Ms. Barney and I received from the Defendants in time for use at trial, since the Defendants failed to respond to our discovery requests until the Friday before trial on Monday.

Ms. Barney signed a contract with Gaul and Dumont agreeing to pay for legal services by the hour, at the rate of $200.00. Gaul and Dumont records work done for clients in Timeslips software.

I have submitted 8 pages of billing records from Timeslips showing work done since March 4, 2011 for Ms. Barney and an additional page with expenses.

Ms. Barney attempted to pay each of the monthly bills she received, but sometimes the amount of work done on the case created a monthly bill which she was not able to pay. At the time of the trial, Ms. Barney was in arrears for attorney's fees and she has not been billed for the time spent for trial preparation, trial, and post-trial motions. The fees sought in this case are hourly fees, some of which have been paid by Ms. Barney and some of which are owing to Gaul and Dumont.

It is a challenge for most employees/plaintiffs to pay attorney's fees on an hourly basis. Therefore, I charge as low a rate possible to compensate me fairly for my time and still be affordable to the client. The rate of $200.00 is below what most employee/plaintiff lawyers charge in San Antonio, Texas and well below what management/defense lawyers charge per hour. I have now raised my hourly rate for clients to $250.00.

Since Gaul and Dumont has only two attorneys, it is a challenge to balance the work being done for current clients with the need to interview and accept new clients. I have to allocate my time among the clients I am currently contracted to represent, but also maintain a flow of clients into the office. It is not possible to work on only one case at a time. Therefore, I am extremely efficient with my time and balance it among the clients I represent. I do not have the luxury of over billing or wasting time on a case.

Even though Ms. Barney contracted with Gaul and Dumont, she was represented exclusively by me. There is no duplication of effort on Gaul and Dumont cases and even when there is discussion between my partner Kala Dumont and myself about a case, the client is not billed for that time.

In addition, it was necessary for me to make sure all my other cases were current before the

trial preparation and trial period started for Ms. Barney, because there would not be any time to deal with other cases while the trial was on going. After the trial, a backlog existed which needed my attention and took me away from Ms. Barney's case for a period of time.

I record the work I do for clients at the time it is completed. The hours reflected in the billing records are the hours billed to the client, but are often less than the hours actually spent on the project. I bill my clients only for legal work and do not bill for time spent on matters that might normally be done by a paralegal or legal assistant, which Gaul and Dumont does not employ. I also discount my legal work, rounding down the hours or reducing the hours if I believe the amount will create a burden on the client.

The hours submitted in the 8 pages of billing records were actually expended on the topics stated and the hours expended and rate claimed are reasonable. A billing rate of $200.00 per hour is lower than the customary fee for similar work in the San Antonio community.

I have practiced law in the San Antonio community for 30 years and I am knowledgeable of the customary fee for similar work in the San Antonio community. As a member of the National Employment Lawyers Association, I interact with other employee/plaintiff attorneys and discuss their billing rate. I work opposite management/defense attorneys and am aware of their billing rates, through discovery and expert reports. While the hourly fee charged by management/defense attorneys in the San Antonio community is lower than the fees charged in Houston or Dallas, such fees still range from $350.00 per hour for associates to $450.00 per hour for partners. Employee/plaintiff attorneys usually charge a lesser rate, due to the circumstances of their clients, but even those rates are above $200.00 per hour for attorneys with my experience. Usually, rates are in the range of $250.00 to $350.00 per hour.

There are very few jury trials in employment cases in Bexar County, so I have limited

knowledge of fees awarded by Courts in similar cases. In 2009, I was awarded an hourly fee of $200.00 in a Title VII case before the Honorable Xavier Rodriguez (SA-08-CA-106-XR, Carol Hale vs. Janet Napolitano, Secretary, Department of Homeland Security). At about the same time, another employee/plaintiff attorney Alex Katzman was awarded $300.00 per hour by Judge Joe Brown in an employment case in Bexar County District Court.

Pursuant to 28 U.S.C. Section 1746, I declare, certify, verify and state under penalty of perjury that the foregoing is true and correct."

Executed on the 10th day of April, 2012.

**/s/ Malinda A. Gaul**
MALINDA GAUL