IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DEBORAH S. BARNEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CAUSE NO. 5:11-cv-00268-HLH** |
| **v.** | § | |
| | § | |
| **HILL COUNTRY SHOOTING SPORTS** | § | |
| **CENTER, INC. and JACK N. BURCH, II,** | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANTS' RESPONSE TO MOTION FOR LIQUIDATED DAMAGES

Hill Country Shooting Sports Center, Inc. files this response to plaintiff's motion for liquidated damages and would respectfully show the Court as follows:

#### Introduction

1. Plaintiff's claim for liquidated damages should be denied or, at a minimum, be greatly reduced because (1) the jury determined that Ms. Barney's claims were inflated by 60%, (2) the jury also determined that Ms. Barney's estimates of her own hours were unreasonable, and (3) Texas Hill Country Shooting Sports has satisfied the Texas Workforce Commission award in the amount of $13,619.19.

## Argument & Authorities

I. **HILL COUNTRY SHOOTING SPORTS' NON-PAYMENT WAS BOTH REASONABLE AND IN GOOD FAITH.**

   A. **The "Willfulness" Finding is Not Binding Upon the Court's Determination of "Good Faith."**

   2. Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). At one time, this liquidated damages assessment was mandatory. *See Bernard v. IBP,Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998). However,

   > "the **district court can now decline to award such damages (or reduce the amount) if the court concludes that the employer acted in "good faith" and had "reasonable grounds"** to believe that its actions complied with the FLSA. 29 U.S.C. § 260. We review the district court's decision to award liquidated damages for abuse of discretion.See Heidtman v. County of El Paso, 171 F.3d 1038, 1042 (5th Cir. 1999); Lee v. Coahoma County, Miss., 937 F.2d 220, 226(5th Cir. 1991)."

   *Singer v. City of Waco*, 324 F. 3d 813, 822-23 (5th Cir. 2003) (emphasis supplied).

   3. Ms. Barney cites the *Singer* decision for the proposition that a jury finding of "willfulness" means the Court cannot find "good faith" or reasonableness. Motion at p.2. Not only is this not the holding of *Singer*, but other Fifth Circuit decisions make clear that the two issues cannot be read together. *Stokes v. Bwxt Pantex*, 424 Fed.Appx. 324 (5th Cir. 2011) ("We have previously refused to read the "good faith" and "willful" provisions together."). *Nero v. Industrial Molding Corporation*, 167 F.3d 921 (5th Cir. 1999) ("Thus, we decline to read the "good faith" requirement together with the term "willful" in the FMLA.").

   4. The Court, and not the jury, is required to determine whether the defendant acted in good faith and had reasonable grounds to not pay the amounts sought.

**B.     Reasonable Grounds Exist Because the Jury Determined That Ms. Barney's Claims Were Exaggerated By 60%.**

5.      At trial, Ms. Barney claimed that she was entitled to $49,667.26.  PX 4.  The jury, however, determined that Ms. Barney was entitled to only $29,500 in overtime pay, meaning the amount she testified she was owed was roughly 60% higher than the actual amount of overtime she worked.

6.      Hill Country Shooting had a reasonable belief that Ms. Barney had exaggerated her hours and claims.  The jury agreed.  The evidence at trial also established the subjective belief of Mr. Burch that the hours claimed were significantly inflated.  The jury agreed.

7.      Ms. Barney's liquidated damage claim should be denied or, alternatively, reduced in the Court's discretion due to the significant inflation of her hours and claim amounts.

**C.     Reasonable Grounds And Good Faith Exist Because the Jury Determined That Ms. Barney's Estimates Were Unreasonable.**

8.      The Court instructed the jury that if the defendant did not keep records, the jury must accept the plaintiff's estimates of her overtime hours, unless the jury found those estimates to be unreasonable.

9.      At trial, Ms. Barney estimated that she was entitled to $49,667.26.  PX 4.  The jury, however, determined that Ms. Barney was entitled to only $29,500 in overtime pay, meaning that the jury determined her estimates to be unreasonable.

10.     Hill Country Shooting had a reasonable belief that Ms. Barney had advanced unreasonable hours and claims.  The jury agreed.  The evidence at trial also established the subjective belief of Mr. Burch that the hours claimed were unreasonable.  The jury agreed.

11. Ms. Barney's liquidated damage claim should be denied or, alternatively, reduced in the Court's discretion because the jury determined that her estimate of hours worked was not simply "off," "mistaken," or "incorrect," but unreasonable.

### D. Defendant's Good Faith is Further Reflected in its Decision to Not Oppose the Attorneys' Fees Sought by Ms. Barney.

12. Hill Country Shooting does not oppose the award of attorneys' fees and expenses separately sought by Ms. Barney. Ms. Barney will be made whole by any judgment entered.

## II. HILL COUNTRY SHOOTING HAS SATISFIED THE TEXAS WORKFORCE COMMISSION AWARD IN THE AMOUNT OF $13,619.19.

13. Hill Country Shooting has paid the full amount of the Texas Workforce Commission award, or $13,619.19. This amount was an award for hours within the same period sought in this lawsuit. A Texas Workforce Award is *res judica*ta in subsequent proceedings. *See, e.g., Igal v.Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78 (Tex. 2007) (applying *res judicata* to orders of the Texas Workforce Commission).

14. Ms. Barney cannot recover judgment in this action for an amount that (1) has already been paid, and (2) is barred by *res judicata*. As a result, if the Court is inclined to award liquidated damages, it must reduce the underlying balance to $15,880.81 before considering the application or reduction of liquidated damages.

15. True and correct copies of the certified mail receipt and check stub are attached as Exhibit A. Defendant does not yet have complete copies of the remaining payment documents, but will supplement this response immediately upon receiving those documents.

WHEREFORE PREMISES CONSIDERED, Hill Country Shooting Sports Center, Inc. and Jack N. Burch, II request that plaintiff take nothing as to her claims and that judgment be entered in favor of Hill Country Shooting Sports Center, Inc. and Jack N. Burch, II providing as follows:

(a) attorneys' fees;

(b) costs;

(c) such other and further relief to which Hill Country Shooting Sports Center, Inc. and Jack N. Burch, II demonstrate their entitlement.

Dated: April 16, 2012                               Respectfully submitted,

|  |  |
|---|---|
|  | /s/ Kirk W. Evans_____ |
|  | **Kirk W. Evans** |
|  | State Bar No. 00787446 |
| **OF COUNSEL:** | 712 Main Street, Suite 1625 |
|  | Houston, Texas 77002 |
| **EVANS, LLP** | Telephone: (713) 400-7440 |
| 712 Main Street, Suite 1625 | Fax: (713) 400-7445 |
| Houston, Texas 77002 |  |
| Telephone: (713) 400-7440 |  |
| Fax: (713) 400-7445 |  |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Hill Country Shooting Sports Center, Inc. and Jack N. Burch, II's Response to Motion for Liquidated Damages** has been served on opposing counsel this 16th day of April, 2012, via electronic mail as follows:

Malinda A. Gaul
Law Offices of Gaul and Dumont
924 Camaron Street
San Antonio, Texas 78205
malindag@swbell.net

/s/ Kirk W. Evans_____
Kirk W. Evans