```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF TEXAS
```

| | |
|---|---|
| DEBORAH S. BARNEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. SA-11-CA-268 |
| § | |
| HILL COUNTRY SHOOTING SPORTS § | |
| CENTER, INC. and JACK N. § | |
| BURCH, II, § | |
| § | |
| Defendants. § | |

### ORDER REGARDING PLAINTIFF'S MOTION FOR LIQUIDATED DAMAGES

Plaintiff Deborah Barney filed this civil action for damages alleging that her employer failed to comply with the overtime wage requirements of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201, *et seq.*. On March 27, 2012, the jury returned a verdict in favor of Plaintiff, finding that Defendant Hill Country Shooting Sports Center (HCSSC)[1] failed to pay overtime wages to Plaintiff; that the violation was willful; and that Plaintiff was owed $29,500.00 in unpaid overtime compensation. Plaintiff has filed a motion pursuant to 29 U.S.C. § 216(b) for liquidated damages and Defendant HCSSC has filed a response. Having considered the motion and response, the Court finds that Plaintiff's motion should be granted.

Employers who violate the overtime provisions of the FLSA "shall" be liable for both actual damages and an additional equal

---

[1] The jury found that Defendant Jack N. Burch was not the Plaintiff's employer.

amount of liquidated damages unless the employer proves that it acted in good faith. **Id.** §§ 216(b) & 260. If the employer proves that it acted in good faith, it is within the discretion of the Court to determine whether liquidated damages will be awarded. **Reich v. Tiller Helicopter Servs., Inc.**, 8 F.3d 1018, 1031 (5th Cir. 1993). An employer "faces a 'substantial burden' of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA." **Bernard v. IBP, Inc. Of Nebraska**, 154 F.3d 259, 267 (5th Cir. 1998). As a matter of law, a Defendant who acted willfully cannot meet its burden of proving good faith. **Singer v. City of Waco**, 324 F.3d 813, 823 (5th Cir. 2003). Because the jury found that Defendant HCSSC acted wilfully in failing to pay Plaintiff overtime wages as required by the FLSA, Defendant HCSSC's claim of good faith cannot be sustained. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to her unpaid overtime compensation as found by the jury.

Defendant HCSSC attempts to avoid this analysis by arguing that it acted in good faith in contesting the amount of unpaid overtime compensation Plaintiff requested. This argument is unavailing.[2] In assessing liquidated damages, the inquiry is not whether the Defendant acted in "good faith" in its failure to settle out of court. The inquiry is whether the Defendant acted in

---

[2] So, too, is Defendant's rather creative argument that its failure to contest Plaintiff's application for attorney's fees and costs is a demonstration of good faith.

good faith in violating the FLSA. Because the jury found that the Defendant either knew or was reckless in disregarding that its conduct was prohibited by the FLSA, the Court cannot find that it acted in good faith.

Defendant next contends that, if the Court finds that Plaintiff is entitled to liquidated damages, it should be in the amount of $15,880.81 rather than $29,500.00. Before the Plaintiff filed suit in federal court, she filed a successful claim for unpaid overtime compensation with the Texas Workforce Commission (TWC) pursuant to TEX. LAB. CODE § 61.051. The TWC issued a final decision ordering Defendant HCSSC to pay Plaintiff $13,619.19 in unpaid overtime wages for the time period between March 1, 2010 and August 11, 2010. Though the award remained unsatisfied at the time of trial,[3] Defendant has since satisfied the award. As a consequence, Defendant asserts that it is entitled to a $13,619.19 setoff to compensatory damages, which should be applied before calculating liquidated damages. Defendant cites no statutory or case law to support its argument that a setoff should be applied before calculating liquidated damages, and the Court, in its independent research, has found none. *See,* **Singer**, 324 F.3d 813, 823 n.2 (upholding a damages award in which liquidated damages were calculated prior to the application of a setoff). Plaintiff is

---

[3] It was also unsatisfied when Plaintiff filed her motion for liquidated damages.

entitled to an award of liquidated damages in the amount of $29,500.00. Any setoff will be applied to the total damages award of $59,000.00.

It is therefore ORDERED that Plaintiff's motion for liquidated damages be, and it is hereby, GRANTED, and that Plaintiff recover liquidated damages in the amount of $29,500.00 in addition to her unpaid overtime compensation.

SIGNED AND ENTERED THIS 17th day of April, 2012.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE