IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DEBORAH S. BARNEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. SA-11-CA-268 |
| | § | |
| HILL COUNTRY SHOOTING SPORTS | § | |
| CENTER, INC. and JACK N. | § | |
| BURCH, II, | § | |
| | § | |
| Defendants. | § | |

### ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

This was a civil action for damages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*. On March 27, 2012, the jury returned a verdict in favor of Plaintiff, finding that Defendant Hill Country Shooting Sports Center (HCSSC)[1] failed to pay overtime wages to Plaintiff; that the violation was willful; and that Plaintiff was owed $29,500.00 in unpaid overtime compensation. Plaintiff's attorney has submitted an application for attorney's fees and costs pursuant to 29 U.S.C. § 216(b). Defendants do not object to the motion. The matter is now ripe for decision.

A prevailing Plaintiff in a suit asserting unpaid overtime wages under the FMLA is entitled to reasonable attorneys fees and costs. **Id**. The determination of reasonable attorney's fees by the Court requires the application of the "lodestar" method. *See*

---

[1] The jury found that Defendant Jack N. Burch was not the Plaintiff's employer.

-1-

**Louisiana Power & Light Co. v. Kellstrom**, 50 F.3d 319, 323-24 (5th Cir. 1995). Under the lodestar method, the Court must first determine the reasonable number of hours expended by counsel on the particular litigation and the reasonable hourly rate charged by lawyers in the community. **Id**. Next, the Court must multiply the reasonable hours by the reasonable hourly rate. **Id**. The product of this multiplication is the base fee or "lodestar," which the Court then either accepts as it is or adjusts upward or downward, depending on the circumstances of the case. **Id**. at 125. Adjustments of the lodestar must be based on consideration of the twelve factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974).[2]

In the instant case, Plaintiff has requested a fee award of $10,940.00 for 54.7 hours of work provided by attorney Malinda Gaul at a rate of $200 per hour. Defendants object to neither the number of hours nor the rate. The Court has reviewed each billing entry, as well as Plaintiff's motion, and finds that Gaul's fee, as well as the number of hours she spent working on the case, are reasonable. The declarations submitted by Plaintiff reveal that

---

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty of the questions; (3) the skill required to perform the legal services; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the relationship with the client; and (12) awards in similar cases.

counsel's rate of $200 per hour is lower than the prevailing market rate for solo practitioners representing plaintiffs in FLSA actions; the Court finds this rate to be reasonable (Decl. Of Malinda Gaul, Pl. Ex. 1; Decl. Of Glen Magnum, Pl. Ex. 3). For a jury trial of this type and complexity, 54.7 hours is a reasonable amount of time for counsel to spend in preparation. Multiplying the reasonable hours worked by the reasonable hourly rate, the Court determines the lodestar to be $10,940. An adjustment of the lodestar fee on the basis of the *Johnson* factors is not justified in this case. Plaintiff will be awarded **$10,940** for attorney's fees.

Plaintiff is also entitled to recover her costs in connection with this case. She has requested costs in the amount of $550.52 related to this litigation. The Defendant does not object to these costs and the Court finds them to be well documented and reasonable. Therefore, Plaintiff will be awarded **$550.52** for costs.

It is therefore ORDERED that Plaintiff Deborah S. Barney do have and recover of and from Defendant Hill Country Shooting Sports Center, Inc. her reasonable attorney's fees in the amount of ten thousand nine hundred forty and 00/100 dollars ($10,940.00) and costs in the amount of five hundred fifty and 52/100 dollars ($550.52), for all of which let execution issue.

SIGNED AND ENTERED THIS 23rd day of April, 2012.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE